UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FELECIA ROLLE,

                Plaintiff,

    -against-

NEW YORK STATE LIQUOR AUTHORITY,

                Defendant.
------------------------------------------------------------X

**AMENDED VERIFIED COMPLAINT**

JURY TRIAL DEMANDED

CASE NO: 05 CV 3536

RECEIVED SEP 15 2005 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, complaining by her attorney, CRAIG L. DAVIDOWITZ, P.C. respectfully alleges:

## THE PARTIES

1. Plaintiff, FELECIA ROLLE, is an individual and is now, and at all times mentioned in this complaint was, a resident of the County, City and State of New York.

2. Defendant, NEW YORK STATE LIQUOR AUTHORITY, is now, and at all times mentioned in this complaint was a domestic corporation, employing more than fifty employees, duly organized and existing pursuant to and by virtue of the laws of the State of New York.

3. Defendant, NEW YORK STATE LIQUOR AUTHORITY, was subject to rules and regulations of Title VII of the Civil Rights Act of 1964, Age discrimination in Employment Act of 1967 and Americans with Disabilities Act of 1990.

## THE UNDERLYING FACTS

4. Plaintiff FELECIA ROLLE, a forty-seven year old African-American female, has been employed by defendant NEW YORK STATE LIQUOR AUTHORITY as a keyboard specialist for approximately 25 years.

5. On or about March November 19, 1998, plaintiff FELECIA ROLLE sustained a work-related injury to her right hand, which was consequently diagnosed as a cubital tunnel compression of the ulnar nerve, carpal tunnel syndrome and ulnar neuropathy at the right elbow.

6. On or about March 5, 2001, an ulnar transposition surgery was performed on plaintiff.

7. Plaintiff was placed on a disability leave and was out of work from approximately March 5, 2001 until October 25, 2001.

8. On or about October 25, 2001, plaintiff was permitted by her treating doctor to resume her employment with light duty restrictions.

9. Plaintiff dutifully provided defendant with the necessary documentation from her treating providers substantiating her light duty restrictions. Furthermore, she attended all of the required medical visitations with defendant's doctors.

10. Despite plaintiff's inability to perform full and unrestrictive duties as a keyboard specialist, Fred Gioffre, the Deputy Commissioner of the Licensing Bureau, blatantly disregarded plaintiff's need for accommodation due to her disabling condition and demanded that plaintiff carry out all of her duties with no restrictions.

11. Plaintiff complained numerous times to the defendant's doctors, her union representative and her own medical providers about defendant's evident lack of concern regarding plaintiff's condition.

12. Plaintiff was continuously required to perform duties which required a constant use of her right arm, right wrist and right hand leading to severe pain and worsening of plaintiff's condition.

13. Furthermore, plaintiff was subjected to racist, derogatory and demeaning comments from Fred Gioffre, the Deputy Commissioner of the Licensing Bureau.

14. On or about April 6, 2004, plaintiff experienced severe exacerbation of her condition due to the hostile and unaccommodating circumstances at her place of employment. As a result of the exacerbation, plaintiff was placed on medical leave by her treating doctor.

15. Furthermore, on or about May 26, 2004, plaintiff attended a medical appointment with Dr. Finegan at the Affiliated Physicians in New York City as requested by defendant. Dr. Finegan stated that Ms. Rolle was "unable to return to the essential duties of Keyboard Specialist I at this time." She suggested a revaluation in approximately 3 to 4 months to reassess plaintiff's progress.

16. Defendant did not schedule a follow-up appointment to re-evaluate plaintiff's condition.

17. Throughout the duration of plaintiff's medical leave, plaintiff's medical providers continuously provided defendant with comprehensive medical reports detailing plaintiff's condition and progress.

18. Plaintiff is a 47-year-old African-American female, suffering from a debilitating condition resulting from a work-related accident, who is, and has been for the past 25 years, qualified for the position of a keyboard specialist.

19. Defendant discriminated against plaintiff based on her race, age and disability.

20. On or about March 18, 2005, plaintiff received a letter from Erica Behan, an Associate Personnel Administrator, notifying plaintiff of plaintiff's imminent termination date.

21. On or about April 6, 2005, plaintiff's employment was terminated by defendant.

22. On or about September 23, 2004, the Equal Employment Opportunity Commission has issued a Right to Sue letter to plaintiff (attached hereto as exhibit "A.")

23. Attached hereto as exhibit "B" is a copy of Judge Michael B. Mukasey's Order dated April 6, 2005.

## AS AND FOR A FIRST CAUSE OF ACTION

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs of this Complaint numbered "1" through "23," inclusive, with the same force and effect as if more fully set forth herein at length.

25. Plaintiff is an African-American female.

26. Plaintiff is, and has been for the past 25 years, qualified to perform the duties required for the position of a keyboard specialist.

27. Prior to April 6, 2005, and during the time plaintiff was employed by defendant, plaintiff experienced discrimination due to her race.

28. Plaintiff was subjected to racist, derogatory and demeaning comments from Fred Gioffre, the Deputy Commissioner of the Licensing Bureau.

29. Plaintiff is, and at all times during her employment with defendant was, qualified to perform the duties required for the position of keyboard specialist.

30. Plaintiff's employment with defendant was terminated due to plaintiff's race.

31. On or about April 6, 2005, defendant terminated plaintiff's employment in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17.

32. By reason of the foregoing, plaintiff is entitled to judgment for all past and future wages and salary increases from April 6, 2005 to date, together with interest, including treble and exemplary damages and attorney's fees, in an amount not to exceed the sum of One Million Dollars ($1,000,000.00).

### AS AND FOR A SECOND CAUSE OF ACTION

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs of this Complaint numbered "1" through "32," inclusive, with the same force and effect as if more fully set forth herein at length.

34. Plaintiff began her employment with defendant on December 18, 1980 and at the time of her termination by defendant, plaintiff was 47 years old.

35. Plaintiff is, and at all times during her employment with defendant was, qualified to perform the duties required for the position of keyboard specialist.

36. Plaintiff's employment with defendant was terminated due to plaintiff's age.

37. On or about April 6, 2005, defendant terminated plaintiff's employment in violation of the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634.

38. By reason of the foregoing, plaintiff is entitled to judgment for all past and future wages and salary increases from April 6, 2005 to date, together with interest, including treble and exemplary damages and attorney's fees, in an amount not to exceed the sum of One Million Dollars ($1,000,000.00).

### AS AND FOR A THIRD CAUSE OF ACTION

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs of this Complaint numbered "1" through "38," inclusive, with the same force and effect as if more fully set forth herein at length.

40. Plaintiff is suffering from a debilitating condition resulting from a work-related accident, rendering plaintiff disabled within the meaning of "disability" put forth by the Americans with Disabilities Act of 1990.

41. Plaintiff's condition required that plaintiff's duties be performed under certain restrictions, which defendant failed to accommodate.

42. Plaintiff is, and at all times during her employment with defendant was, qualified to perform the duties required for the position of keyboard specialist with accommodations.

43. Plaintiff's employment with defendant was terminated due to plaintiff's disability.

44. On or about April 6, 2005, defendant terminated plaintiff's employment in violation of Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117.

45. By reason of the foregoing, plaintiff is entitled to judgment for all past and future wages and salary increases from April 6, 2005 to date, together with interest, including treble and exemplary damages and attorney's fees, in an amount not to exceed the sum of One Million Dollars ($1,000,000.00).

## AS AND FOR A FOURTH CAUSE OF ACTION

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs of this Complaint numbered "1" through "45," inclusive, with the same force and effect as if more fully set forth herein at length.

47. On or about April 6, 2005, defendant terminated plaintiff's employment in violation of the Executive Law § 296 (1)(a) and Executive Law § 312.

48. Defendant's termination of plaintiff's employment without just cause or basis entitles the plaintiff to recover punitive damages.

49. By reason of the foregoing, plaintiff is entitled to recover all of her damages, including both actual and punitive as well as interest and attorney's fees, pursuant to the laws of the State of New York, in an amount not to exceed One Million Dollars ($1,000,000.00).

**WHEREFORE**, the plaintiff demands judgment against the defendant, in the First Cause of Action in an amount not to exceed the sum of One Million Dollars ($1,000,000.00); in the Second Cause of Action in an amount not to exceed the sum of One Million Dollars ($1,000,000.00); in the Third Cause of Action in an amount not to exceed the sum of One Million Dollars ($1,000,000.00); in the Fourth Cause of Action in an amount not to exceed the sum of One Million Dollars ($1,000,000.00).

DATED:   NEW YORK, NEW YORK
         September 14, 2005

CRAIG L. DAVIDOWITZ, P.C. (CD 1107)
Attorneys for Plaintiff
Office & P.O. Address
989 Avenue of the Americas
4th Floor
New York, NY 10018
Tel. (212) 378-2051
Fax (212) 378-2054

## PLAINTIFF'S VERIFICATION

I, FELECIA ROLLE, affirm under the penalties of perjury:

That I have read the foregoing SUMMONS AND AMENDED VERIFIED COMPLAINT and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes those to be true.

_____
FELECIA ROLLE

Sworn to before me on the
14 day of September, 2005

_____
NOTARY PUBLIC
ERICA RUIZ
Notary Public, State of New York
No. 01RU6069723
Qualified in Bronx County
Commission Expires 2/11/06

EXHIBIT "A"

EEOC Form 161 (3/98)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Felicia Rolle
35 Morningside Avenue, Apt. 54,
New York, NY 10026

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-2004-03104 | Pedro A. Hernandez, Investigator | (212) 336-3760 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Spencer H. Lewis, JR,
Director

9/23/04
(Date Mailed)

Enclosure(s)

cc: Director of Human Resources
NYS LIQUOR AUTHORITY
105 West 125th Street
New York, NY 10035

EXHIBIT "B"

JUDGE MUKASEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

05 CV 3536

------------------------------------------------------------X
FELECIA ROLLE,

        Plaintiff,

  -against-                                   ORDER

NEW YORK STATE LIQUOR AUTHORITY,

        Defendant.
------------------------------------------------------------X

       Plaintiff, appearing *pro se*, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 ("ADEA"), and the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117 ("ADA"), for employment discrimination.[1] In the instant complaint, plaintiff alleges that the defendant discriminated against her on the basis of her age and disability. She seeks unspecified damages. I grant plaintiff's request to proceed *in forma pauperis* and direct the Clerk of the Court to assign a docket number to this case. I further direct plaintiff to submit an amended complaint within sixty (60) days of this Order as detailed below.

       Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct". See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992, 995 (2002) (applying to employment discrimination actions). It is well-settled that a pleading must give the court and the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests", Conley v. Gibson, 355 U.S. 41, 47 (1957), so as to enable the adverse party to answer and prepare for trial and to allow for the application of the doctrine of *res*

---

[1] The instant complaint was received by this Court's *Pro Se* Office on December 22, 2004.

*judicata*. See Simmons v. Abruzzo, 49 F.3d 83 (2d Cir. 1995); Ricciuti v. New York City Transit Auth., 941 F.2d 119 (2d Cir. 1991). "The rule also serves to sharpen the issues to be litigated and to confine discovery and the presentation of evidence at trial within reasonable bounds." Chodos v. F.B.I., 559 F. Supp. 69, 71 (S.D.N.Y.), aff'd mem., 697 F.2d 289 (2d Cir. 1982).

While the pleadings of *pro se* litigants should be liberally construed in their favor, Haines v. Kerner, 404 U.S. 519, 520 (per curiam), a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised," fails to comply with Rule 8 and may be dismissed *sua sponte*. Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted). In the instant case, the Court is unable to discern from the instant allegations what it is plaintiff alleges and what claims she seeks to pursue. Kittay v. Kornstein, 230 F.3d 531 (2d Cir. 2000).

Using the form complaint for employment discrimination provided by this Court's *Pro Se* Office upon request to individuals proceeding without an attorney, plaintiff alleges employment discrimination pursuant to Title VII, the ADEA and the ADA. Plaintiff, however, fails to allege facts sufficient to sustain an action under Title VII and the ADEA. In addition to plaintiff's failure to check the appropriate boxes in Question 7 of the Court's form complaint, she also fails to provide specific facts, regarding defendant's acts or omissions to support her claim of employment discrimination under Title VII and the ADEA. Specifically, plaintiff must provide a short and plain statement of the relevant facts supporting each claim against the defendant named in the Amended Complaint. Plaintiff must provide the dates of all relevant events, the names of all relevant persons, and a description of what actually occurred. Fed. R. Civ. P. 8(a)(2).[2]

---

[2] Although plaintiff is *not* required to plead facts establishing a *prima facie* case of discrimination, see Swierkiewcz, 122 S. Ct. at 996, I simply note for this *pro se* plaintiff's benefit that the evidentiary standard for a *prima facie* case of discrimination under Title VII requires a plaintiff to establish (1) that [s]he belongs to a protected class, (2) that [s]he was qualified for the position, and (4) that the denial occurred in circumstances giving rise to an

Therefore, in light of plaintiff's *pro se* status and the Court's duty to liberally construe *pro se* complaints, Haines, 404 U.S. at 520, the Court hereby grants plaintiff sixty (60) days to amend her complaint to re-allege her claim of employment discrimination under the ADA and to detail her claim of employment discrimination under Title VII and the ADEA pursuant to Rule 8 of the Federal Rules of Civil Procedure. Plaintiff may attach as exhibits to her complaint documentary evidence to support her position such as copies of the charge she filed with the Equal Employment Opportunity Commission ("EEOC"). However, she is cautioned that any exhibit she uses must be referred to and does not relieve plaintiff of her obligation to allege what actually happened in her Statement of Facts.

Plaintiff is directed to file an amended complaint containing the information specified above.[3] Should plaintiff decide to file an amended complaint, it must be submitted to this Court's *Pro Se* Office within sixty (60) days of the date of this Order, be captioned as an "AMENDED COMPLAINT" and bear the same docket number as this Order. A copy of this Order must be attached to the Amended Complaint. Plaintiff is advised that her Amended Complaint will completely replace her original one. No summons shall issue at this time and all further proceedings

---

inference of discrimination on the basis of h[er] membership in that class. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); see also Stern v. Trustees of Columbia Univ. in N.Y., 131 F.3d 305, 311-12 (2d Cir. 1997). I further note for plaintiff's benefit that the evidentiary standard for a *prima facie* case of discrimination under the ADEA requires a plaintiff to establish (1) that [s]he was within the protected age group, (2) that [s]he was qualified for the position, (3) that [s]he was discharged, and (4) that the discharge occurred under circumstances giving rise to an inference of age discrimination. Schnabel v. Abramson, et al, 232 F.3d 83 (2d Cir. 2000). To establish a *prima facie* case of discrimination under the ADA, plaintiff must show by a preponderance of the evidence that (1) h[er] employer is subject to the ADA, (2) [s]he was disabled within the meaning of the ADA, (3) [s]he was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodation, and (4) [s]he suffered adverse employment action because of h[er] disability. Heyman v. Queens Village Comm. for Mental Health for Jamaica Cmty. Adolescent Program, Inc., 198 F.3d 68 (2d Cir. 1999).

[3] Plaintiff may use the Amended Complaint form attached to this Order for plaintiff's convenience. Because the Amended Complaint will entirely replace the original complaint, plaintiff should complete the entire form with the information specified above and attach the determination letter or notice of right to sue issued by the EEOC to the back of the "AMENDED COMPLAINT".

3

shall be stayed for sixty (60) days or until plaintiff has complied with this Order. If plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed.

Once submitted, the Amended Complaint shall be reviewed for compliance with this Order and substantive sufficiency and then, if proper, the case shall be reassigned to a district judge in accordance with the procedures of the Clerk's Office. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

_____
MICHAEL B. MUKASEY
Chief Judge

Dated:  APR 0 6 2005
        New York, New York

4

## AFFIDAVIT OF SERVICE
## BY MAIL

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK)

Aleksandra Zganiacz, being duly sworn, deposes and says that deponent is not a party to this action, is over 18 years of age and resides in the State of New York, County of Queens

That on the 15th day of September, 2005 deponent served the within:

**AMENDED VERIFIED COMPLAINT**

Upon the Defendant addressed as follows:

New York State Liquor Authority
317 Lenox Avenue
New York, New York 10027

Eliot Spitzer, Esq.
Attorney General
120 Broadway
New York, New York 10271

The address designated by said defendant for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

Aleksandra Zganiacz

Sworn to before me this
15th day of September, 2005

(Notary Public)

GAIL E MIZELL
COMMISSIONER OF DEEDS
CITY OF NEW YORK NUMBER 5-1509
CERTIFICATE FILED IN RICHMOND
COMMISSION EXPIRES ON JAN. 81 2006

Case No.: 05 CV 3536

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------

FELECIA ROLLE,

                                                        Plaintiff,

-against-

NEW YORK STATE LIQUOR AUTHORITY,

                                                        Defendants.
-------------------------------------------------------------------------------

**AMENDED SUMMONS AND VERIFIED COMPLAINT**

CRAIG L. DAVIDOWITZ, P.C.
Attorney for Plaintiff
Office and P.O. Address
989 Avenue of the Americas, 4th Floor
New York, New York 10018
Tel: (212) 378-2051
Fax: (212) 378-2054